## MISREPRESENTATIONS AS TO THE CHARACTER OF REAL PROPERTY.

Circuit Court of Cuyahoga County.

### J. A. C. GOLNER v. GEORGE LUTTNER.

Decided, May 22, 1912.

*Fraud—Measure of Damages in Exchange of Properties.*

The measure of damages in an action for fraud in the exchange of property is the difference between the value of the thing received, if it had been as represented, and its actual value at the time of the exchange.

*Hidy, Klein & Harris,* for plaintiff in error.
*David & Heald,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This was an action to recover for an alleged fraud practiced upon Luttner by Golner in inducing Luttner to exchange his property in Cleveland, worth about $7,000, for some notes secured by mortgages on land in Lorain County, which Golner and his associates, or alleged fellow-conspirators, represented to be upon the shore of Lake Erie and ample security for the notes, whereas the lots described in the mortgages were not upon the shore of the lake and were not good security for the notes. There were other misrepresentations alleged to have been made.

The case was tried to a jury, which brought in a verdict for the plaintiff, and we have reviewed the evidence upon a claim by plaintiff in error that the verdict was not sustained by sufficient evidence in two particulars—that is, that it was not shown that Luttner was deceived by any false representations made as to the location of the land, if any were made, for he had opportunity from a plat to ascertain that the lots mortgaged were not located upon the shore of the lake, and that Golner's connection with the fraud was not shown.

There is no need to recite the facts in this case—counsel for the parties are familiar with the record. It unfolds a tale of

apparent fraud. Though there are some contradictions in the evidence, this is not unusual.

Suffice it to say that if the jury believed some of the witnesses and disbelieved others, as they had a right to do, and considered all the probabilities of the case, the age, business and capacity of the parties, they might well have come to the conclusion that Luttner had been wronged by Golner in the manner claimed in the petition and was entitled to damages.

It is claimed, however, that the case must be reversed for error in the charge on the measure of Luttner's recovery if the jury should find in his favor. On this subject, the court charged as follows:

"If from a consideration of all the testimony your verdict is for the plaintiff against the defendants, or either of them, you will award to the plaintiff such amount as will compensate him for any damages he has sustained; and in arriving at the proper measure of recovery, in case your verdict is for the plaintiff, you will take into consideration the difference, if any, between the value of the securities, consisting of notes and mortgages transferred to the plaintiff, and what would have been the value of the same at the time they were transferred, if the lots covered by said mortgages had been located on or near to the shore of Lake Erie."

Plaintiff in error claims that the court should have charged that the measure of damages in a case such as this is the difference between the actual value of the thing parted with and the actual value of the thing received.

There is respectable authority for the rule contended for, but it seems that it makes a new contract for the parties. One may trade his property for another's because he expects to make a good bargain and a profit, and would make a decided profit if the thing traded for were as represented; by reason of the false representations, however, he receives something worth less, instead or more than what he parted with. The rule urged cuts out the profit he had a right to expect and remits him to the actual value of what he parted with.

Both the rule given by the court and the rule contended for are given in 20 Cyc., 132, with authorities sustaining each. In a note giving cases purporting to sustain the rule as given by the

trial judge is cited the case of *Linerode* v. *Rasmussen*, 63 O. S.,
545, a case very similar to the one at bar.   There it was held:

"Where the defendant was sued on notes given for purchase
money for a farm, and sought to recoup damages on the ground
that the plaintiff had represented that 'underlying said prem-
ises was a three or three and a half foot vein of good bituminous,
minable coal,' whereas there was no coal whatever under said
premises, the measure of damages is the difference between the
value of the farm as it was represented to be and its actual value
at the time of the purchase.''

From this authority we conclude that there was no error in
the charge given.

See also *Wilkinson* v. *Root*, Wright, 686.

On the whole record it seems that substantial justice was done
in this case, and the judgment is affirmed.